IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT CHAPMAN, B78512,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 22-cv-01942-SMY |
| ) | |
| **WEXFORD HEALTH SERVICE,** ) | |
| **ANTHONY WILLS,** ) | |
| **MUHAMED SIDDIQUI,** ) | |
| **DOCTOR CALDWELL,** ) | |
| **DOCTOR RITZ,** ) | |
| **MICHAEL MOLDENHAUER,** ) | |
| **MARY ZIMMER,** ) | |
| **SUSAN KIRK,** ) | |
| **NICOLE BRAND, and** ) | |
| **TRACY BRAND DUNBAR,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Robert Chapman, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Menard Correctional Center (Menard), brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations arising from the denial of medical care at Menard. The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### **The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 2-85): Plaintiff has been diagnosed with diabetes and arthritis. *Id*. at 5. He also takes blood thinners for an undisclosed condition. For more than a year, Plaintiff has suffered from rectal bleeding, bloody stools, stomach pain, and back pain. More recently, he has experienced nausea with eating. *Id*.

1

Plaintiff collapsed in the diabetic call line on January 19, 2021. He was admitted into the intensive care unit of Chester Memorial Hospital for one night and ordered to follow up with a doctor about his symptoms five days later. This appointment never occurred. Plaintiff now suffers from constant, untreated pain, for which he has received no pain relievers. He has also been taken off his prescription medications. *Id*.

Plaintiff reported his symptoms to the prison's medical staff. He submitted sick call requests and physician referral requests for diagnosis and treatment of his medical condition in 2021. But, his call passes for the following providers were cancelled: Dr. Siddiqui, Dr. Caldwell, Dr. Ritz, Nurse Practitioner Moldenhauer, Nurse Kirk, Nurse Brand, and Nurse Dunbar. *Id*. at 6.

Plaintiff also filed grievances. Warden Wills deemed one grievance an emergency on March 15, 2021, and forwarded it to a grievance officer for processing. The grievance officer responded on April 28, 2021, by denying the grievance as moot based on Plaintiff's scheduled appointment with a doctor in the medical call line on March 2, 2021 and his referral to an offsite gastroenterologist on April 2, 2021. Warden Wills and the grievance officer signed off on this denial "knowing fully well that this Plaintiff did not receive any adequate medical treatment." *Id*.

## **Preliminary Dismissals**

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the Complaint: Nurse Walter, Major Rowland, Debbie Knauer, and a grievance officer. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

Plaintiff identifies two defendants in the Complaint for whom he makes no allegations against them: Wexford Health Service and Nurse Practitioner Zimmer.[1] If a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against them, that defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV. P. 8(a)(2). In other words, merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Wexford and Zimmer will be dismissed from this action without prejudice.

### Discussion

Turning to the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Defendants denied Plaintiff adequate medical care for rectal bleeding, bloody stools, stomach pain, and back pain that he reported in 2021, in violation of his rights under the Eighth Amendment.

Count 2: Defendants denied Plaintiff adequate medical care for rectal bleeding, bloody stools, stomach pain, and back pain that he reported in 2021, in violation of his rights under the First Amendment.

Count 3: Defendants denied Plaintiff adequate medical care for rectal bleeding, bloody stools, stomach pain, and back pain that he reported in 2021, in violation of his rights under the Fourteenth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[1] Although Zimmer's name is contained in the medical records, Plaintiff sets forth no allegations and describes no claim against this individual. *See* Doc. 1, p. 22.
[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Count 1

The Eighth Amendment governs Plaintiff's claims for the denial of medical care. All Eighth Amendment claims have an objective and a subjective component. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). To state a viable claim, the objective component requires a plaintiff to sufficiently allege that he suffers from an "objectively, sufficiently serious" medical condition, which is generally one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires a plaintiff to allege that prison officials responded with deliberate indifference, which occurs when officials "know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653.

Plaintiff's symptoms of prolonged and constant rectal bleeding, bloody stool, stomach pain, and back pain are obviously serious enough to support an Eighth Amendment claim at screening. And Plaintiff adequately alleges that the following individual defendants knowingly or intentionally disregarded his requests for treatment: Warden Wills, Dr. Siddiqui, Dr. Caldwell, Dr. Ritz, Nurse Practitioner Moldenhauer, Nurse Kirk, Nurse Brand, and Nurse Dunbar. Therefore, Count 1 will proceed against these individual defendants.

### Counts 2 and 3

Plaintiff does not allege any colorable claims against the defendants for violations of his rights under the First or Fourteenth Amendments. Merely referring to constitutional deprivations is not enough to state a claim. *See* FED. R. CIV. P. 8. (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Therefore, both claims will be dismissed without prejudice for failure to state a claim for relief against the defendants.

**Disposition**

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **ANTHONY WILLS, MUHAMED SIDDIQUI, DOCTOR CALDWELL, DOCTOR RITZ, MICHAEL MOLDENHAUER, SUSAN KIRK, NICOLE BRAND,** and **TRACY BRAND DUNBAR** in their individual capacities.

**COUNT 1** is **DISMISSED** without prejudice against **WEXFORD HEALTH SERVICE** and **MARY ZIMMER,** and **COUNTS 2** and **3** are **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state a claim.

The **OFFICIAL CAPACITY CLAIMS** against **ALL DEFENDANTS** are also **DISMISSED** without prejudice for failure to state a claim.

The Clerk shall prepare for **ANTHONY WILLS, MUHAMED SIDDIQUI, DOCTOR CALDWELL, DOCTOR RITZ, MICHAEL MOLDENHAUER, SUSAN KIRK, NICOLE BRAND,** and **TRACY BRAND DUNBAR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**Because Count 1 arises from the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:   July 12, 2023**                    *s/ Staci M. Yandle*
                                              **STACI M. YANDLE**
                                              **United States District Judge**

6

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.