IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHAPMAN, #B78512, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 22-cv-1942-SMY |
| | ) |
| ANTHONY WILLS, | ) |
| DR. MOHAMMED SIDDIQUI, | ) |
| DR. REYNAL CALDWELL, | ) |
| DR. STEPHEN RITZ, | ) |
| MICHAEL MOLDENHAUER, | ) |
| SUSAN KIRK, | ) |
| NICOLE BRAND, and | ) |
| BRANDY DUNBAR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Robert Chapman's motion for leave to file an amended complaint (Doc. 35). Plaintiff is a prisoner currently incarcerated at Menard Correctional Center. Following the initial merits review, he has proceeded on the following claim against Defendants Wills, Siddiqui, Caldwell, Ritz, Moldenhauer, Kirk, Brand, and Dunbar (Doc. 13):

> Count 1: Defendants denied Plaintiff adequate medical care for rectal bleeding, bloody stools, stomach pain, and back pain that he reported in 2021, in violation of his rights under the Eighth Amendment.[1]

Plaintiff's proposed Amended Complaint is identical to his original Complaint (Doc. 1), except for the addition of two new underlined paragraphs and the consequent renumbering of the

---

[1] Defendants Wexford Health Service and Nurse Practitioner Mary Zimmer were dismissed from the action without prejudice because Plaintiff failed to state a claim against them. Counts 2 and 3, which invoked the First and Fourteenth Amendments, were also dismissed.

1

remaining paragraphs.[2] In new Paragraph 16, Plaintiff asserts that Defendant Wexford Health Services ("Wexford"), maintained a policy, practice, and custom of understaffing the Health Care System at Menard Correctional Center, which caused Plaintiff to be unable to access necessary in-house medical care or obtain referrals to outside medical providers to diagnose and/or treat his ongoing rectal bleeding, bloody stools, and stomach and back pain. In new Paragraph 20, Plaintiff alleges that Nurse Practitioner Mary Zimmer cancelled his medical call passes and refused to see Plaintiff, denying and delaying his medical care. These allegations are sufficient for Count 1 above to also proceed against Defendants Wexford and Zimmer. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

The proposed Amended Complaint states colorable claims in Count 1 against Anthony Wills, Dr. Mohammed Siddiqui, Dr. Reynal Caldwell, Dr. Stephen Ritz, Michael Moldenhauer, Susan Kirk, Nicole Brand, Brandy Dunbar, Wexford Health Services, and Mary Zimmer. Accordingly, Plaintiff's motion for leave to file an amended Complaint (Doc. 35) is **GRANTED**.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed Amended Complaint and exhibits (totaling 106 pages), received on October 4, 2023, as his First Amended Complaint. The Clerk is further **DIRECTED** to **ADD** Wexford Health Services and Mary Zimmer as Defendants herein and to **SERVE** Wexford and Zimmer with the First Amended Complaint, along with a copy of this Order and the Order at Doc. 13, in accordance with the Court's July 12, 2023 Order (Doc. 13).

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First

---

[2] The 106-page proposed First Amended Complaint appears to include the same exhibits as the original Complaint, with the addition of several pages from the Fourth Amended Complaint in *Lippert v. Baldwin*, NDIL Case No. 10-cv-4603 (Doc. 449 in that case).

Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 28, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**