IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHAPMAN, #B78512, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 22-cv-1942-SMY |
| | ) |
| WEXFORD HEALTH SERVICES, | ) |
| ANTHONY WILLS, | ) |
| DR. MOHAMMED SIDDIQUI, | ) |
| DR. REYNAL CALDWELL, | ) |
| DR. STEPHEN RITZ, | ) |
| MICHAEL MOLDENHAUER, | ) |
| MARY ZIMMER, | ) |
| SUSAN KIRK, | ) |
| NICOLE BRAND, and | ) |
| BRANDY DUNBAR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Robert Chapman's motion for summary judgment on statement of undisputed material facts (Doc. 49). Plaintiff seeks partial summary judgment against Defendants Wills, Brand, Dunbar, and Kirk (the IDOC Defendants), based on these defendants' statement of undisputed material facts set forth in their memorandum of law in support of their original motion for summary judgment on the issue of failure to exhaust administrative remedies, filed November 14, 2023 (Doc. 44).[1] Defendants oppose Plaintiff's motion (Doc. 50).

Plaintiff argues that the IDOC Defendants conceded certain material facts by listing them as undisputed – specifically, paragraphs 1-6 of Doc. 44, pp. 2-3. He contends the undisputed facts

---

[1] On August 12, 2024, the IDOC Defendants filed an Amended Motion for Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies (Doc. 74), which superseded their original motion at Doc. 44. (See Doc. 78, terminating as moot original summary judgment motion).

1

establish that these defendants deprived him of his constitutional rights under the Eighth Amendment (Doc. 49, pp. 1-2).

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that no material facts are genuinely disputed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the non-moving party must identify specific facts in the record showing that genuine issues of material fact exist precluding summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In deciding a motion for summary judgment, the court "…must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen v. Finantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248

Plaintiff misconstrues the significance of the "undisputed facts" section in the IDOC Defendants' summary judgment motion. In that section, the IDOC Defendants acknowledge that Plaintiff raised certain claims in this action relating to his medical symptoms and Menard medical personnel's allegedly inadequate responses to his requests for treatment (Doc. 44, pp. 2-3). The section provides background for these defendants' argument that Plaintiff failed to exhaust his administrative remedies before filing suit. In their response to Plaintiff's motion, the IDOC Defendants clarify that by setting forth these matters, they do not admit that Plaintiff's *claims* are undisputed. Further, they dispute several new factual allegations Plaintiff included in his motion (paragraph 7 of Doc. 49, p. 2), and dispute that they deprived Plaintiff of his constitutional rights

under the Eighth Amendment (Doc. 50, pp. 2-6).  As such, Defendants have demonstrated that genuine issues of material fact exist; summary judgment in Plaintiff's favor is unsupported.

At this stage of the case, the only issue before the Court is whether Plaintiff exhausted his administrative remedies through the prison grievance process before he filed this suit on August 19, 2022.  Merits discovery has not yet begun.  As such, Plaintiff's request for partial summary judgment on the merits of his claims is premature.  The motion (Doc. 49) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 16, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**